**SERGENIAN LAW**
a Professional Corporation

David A. Sergenian, State Bar No. 230174
david@sergenianlaw.com
808 Wilshire Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (213) 435-2035

Counsel for Plaintiff KEN WANG

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN WANG, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>FRED JIN, an individual;<br>XIN JIN, an individual;<br>MAREN SCHWARZER, an individual;<br>MARTIJN BROERSMA, an individual;<br>BRAD BAO, an individual;<br>FRANCOIS GRANADE, an individual;<br>CEREBELLUM NETWORKS, INC., a Delaware corporation;<br>INTERDATA NETWORK INC., a British Virgin Islands entity;<br>BNW NETWORK GMBH, a German entity;<br>CEF AI INC., a Delaware corporation; and DOES 1–50, inclusive,<br><br>        Defendants. | Case No. 3:26-cv-3111-WHO<br><br>**PLAINTIFF KEN WANG'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE [DKT. NO. 20]** |

Plaintiff Ken Wang hereby opposes Defendants' Request for Judicial Notice (Dkt. No. 20).

Judicial notice under Federal Rule of Evidence 201 reaches only facts "not subject to reasonable dispute." A court may take notice that a document exists and was filed, but cannot take judicial notice of disputed facts contained in such public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–690 (9th Cir. 2001). The Ninth Circuit has cautioned that defendants face "an alluring temptation to pile on numerous documents" at the pleading stage, and that neither judicial notice nor incorporation by reference is "a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1003 (9th Cir. 2018). It is therefore improper to use a noticed or incorporated document "to resolve factual disputes against the plaintiff's well-pled allegations." *Id.* at 1014. The same documents that may be noticed for their existence may not be read to establish the contested propositions defendants build upon them.

Defendants violate these principles in three places, each tied to a dispositive argument.

First, defendants rely on the Dubai appeal (Ex. D to Vatrenko Decl. [Dkt. 20-5]). Defendants ask the Court to find that Wang's February 26, 2026 acquittal is not a favorable termination because a Public Prosecution appeal "remains pending." Dkt. No. 18 § IV.E.5. The exhibit is offered through counsel's declaration on information and belief from foreign counsel. Vatrenko Decl. [Dkt. 20-1] ¶ 6. Defendants' own RJN concedes that it seeks notice only of the fact of the appeal's filing and existence, not the truth of any matter asserted in it. The Court may thus notice that an appeal was filed and a hearing set for April 8, 2026; it may not notice that the appeal remains undecided, that the acquittal has been disturbed, or that the termination is non-final. Those are the disputed, inference-laden facts *Lee* and *Khoja* prohibit, and they are the only facts that could support dismissal of Count Twelve on finality grounds.

Second, defendants rely on a tolling agreement. Ex. A to Vatrenko Decl. [Dkt. No. 20-2]. Defendants compute their limitations bar by reading the tolling agreement to have tolled the contract claims for exactly 105 days, from January 16 to May 1, 2025. Dkt. No. 18 § II.D; Dkt. No. 19 §§ II.B, IV.D. The Court may notice that the agreement exists and was executed. The agreement's scope, the claims it reached, and the date Wang's bonus claim accrued are contested questions bearing on timeliness that cannot be resolved from the face of the document against Wang's allegations.

KEN WANG'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

Finally, defendants rely on the amended Delaware complaint. Ex. C to Vatrenko Decl. [Dkt. No. 20-4]. Defendants treat Wang's April 29, 2026 amended Delaware pleading as an admission that his fiduciary-duty injury is exclusively derivative. Dkt. No. 18 § IV.D; Dkt. No. 19 § IV.A. The Court may notice that Wang filed an amended complaint asserting derivative claims. It may not notice, as the truth of a disputed matter, that those claims establish Wang's injury here is derivative rather than direct, which is a legal characterization Wang contests and that turns on the Tooley analysis, not on the fact of a filing.

June 8, 2026

**SERGENIAN LAW**

a Professional Corporation

By:   /s/David A. Sergenian
      David A. Sergenian

Counsel for Plaintiff KEN WANG

KEN WANG'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE